COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       International Fidelity Insurance Co., Agent Glen Strickland d/b/a A-1 Bonding Company v. The State of Texas

Appellate case numbers:   01-16-00627-CR, 01-16-00628-CR, 01-16-00629-CR

Trial court case number:   1429386-A, 1429387-A, 1429388-A

Trial court:              337th District Court of Harris County

Appellant, International Fidelity Insurance Co., Agent Glen Strickland d/b/a A-1 Bonding Company, filed notices of appeal of the trial court's judgments of forfeiture. In each appeal, the State has filed a motion to abate the appeals and remand the causes to the trial court "to determine if a reporter's record was created, if that record is lost, if the record is necessary to the appeal's resolution, and to give the parties an opportunity to replace the record by agreement." Appellant has responded, opposing abatement. We **grant** the State's motions.

In each proceeding, appellant requested preparation of the reporter's record of the July 14, 2016 hearing on appellant's motion for new trial and motion to retax costs, including the exhibits admitted into evidence at the hearing. The court reporter has filed her affidavit indicating that she does not have "a steno file nor audio file" for the hearing and or any record of "a hearing reported by [her]" on the date of the hearing. Appellant has filed its briefs requesting remand of the cases for a new trial, contending that "the reporter's record has been lost from the evidentiary hearing over which this appeal was taken." Attached to each brief are "Stipulations Regarding Reporter's Record, signed by appellant's and the State's attorneys. The parties have stipulated that they "announced to the court that a court reporter was needed for the hearing," "the court reporter was present for the hearing," and "the parties introduced evidence during the hearing" and "believe that a reporter's record was taken of the hearing."

If, through no fault of the appellant, a reporter's record is lost or destroyed, and the portion of the record that is lost or destroyed is necessary to the appeal's resolution and cannot be replaced by the parties' agreement, the appellant is entitled to a new trial. TEX. R. APP. P. 34.6(f). However, if the missing portion of a reporter's record is not necessary

to the appeal's resolution—and the appellant therefore is not harmed—the appellant is not entitled to a new trial. *See id.* 34.6(f)(3); *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013); *Coulter v. State*, No. 01-15-00018-CR, 2016 WL 7369197, at *3–4 (Tex. App.—Houston [1st Dist.] Dec. 15, 2016, no pet.) (citations omitted).

Accordingly, we abate the appeals and remand to the trial court to immediately conduct a hearing to determine:

1) whether the hearing on appellant's motion for new trial and motion to retax costs was stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of any testimony, argument, or other proceedings;

2) whether, without appellant's fault, the record, including any exhibits, has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

3) whether the lost or destroyed portions of the record are necessary to appellant's appeals; and

4) whether the parties can agree on replacement of the lost or destroyed record.

*See* Tex. R. App. P. 34.6(f). The trial court is directed to make written findings of fact, conclusions of law, and recommendations on these issues, separate and apart from any docket sheet notations.

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings with the Clerk of this Court within 30 days of the date of this order. The court reporter is directed to file a reporter's record of the hearing within 30 days of the date of this order.

The appeals are abated, treated as closed cases, and removed from this Court's active docket.

Judge's signature:  /s/ Russell Lloyd
                    ☒ Acting individually    ☐ Acting for the Court

Date:  April 6, 2017